Maldonado v Hines 1045 Ave. of the Ams. Invs. LLC (2024 NY Slip Op 02666)

Maldonado v Hines 1045 Ave. of the Ams. Invs. LLC

2024 NY Slip Op 02666

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Webber, J.P., Friedman, González, Shulman, Pitt-Burke, JJ. 

Index No. 152214/15 Appeal No. 1546 Case No. 2023-00135 

[*1]Mario Maldonado, et. al., Plaintiffs-Appellants-Respondents,
v
Hines 1045 Avenue of the Americas Investors LLC, et al., Defendants-Respondents-Appellants, Five Star Electric Corp., Defendant-Respondent. (And Third-Party Actions.)

Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for appellants-respondents.
Lawrence Worden Rainis & Bard, PC, Melville (Michael E. Shay of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered December 15, 2022, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Hines 1045 Avenue of the Americas Investors LLC, and Turner Construction Company for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim and denied that branch of their motion as sought summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims, unanimously modified, on the law, to reinstate plaintiff's Labor Law § 241 (6) claim, and otherwise affirmed, without costs.
Plaintiff, a welder, tripped over electrical conduit piping that rose vertically 5-12 inches in height from the floor surface in the lobby of a new building under construction and was injured. While the presence of the electrical conduit piping was a "dangerous condition" "inherent to the task at hand," the risk of tripping over the conduit was an "avoidable dangerous condition" for which defendants could have utilized preventative measures that would not have made it impossible to complete the work (Bazdaric v Almah Partners LLC, —NY3d &mdash, 2024 NY Slip Op 00847, *4 [2024]). Indeed, it is undisputed that plywood boxes ordinarily were placed on the protruding conduit piping, which mitigated the risk of tripping without rendering the overall work impossible to complete. The plywood boxes, however, were removed at the time of plaintiff's accident. Issues of fact remain regarding the preventative measures taken to mitigate the risks associated with the dangerous condition. Accordingly, summary judgment on the Labor Law § 241 (6) is premature and the claim is reinstated to resolve the issues of fact detailed above.
Defendants did not establish prima facie entitlement to summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims. There was insufficient proof offered to show that either defendant Turner, the general contractor, or defendant Hines, the owner, lacked authority or supervision over the electrical contractor's injury-producing work (cf. O'Sullivan v IDI Constr. Co., Inc., 28 AD3d 225, 226 [1st Dept 2006], affd 7 NY3d 805 [2006]).
We have considered the remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein on January 30, 2024 (223 AD3d 622 [1st Dept 2024]) is hereby recalled and vacated (see M-979 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024